**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RANDY JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) 1:12-cv-15-JMS-DML |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Randy Johnson for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**Background**

On July 30, 2003, Melissa Hanlon was murdered in the upstairs apartment she shared with Candice Hoffman. Johnson lived in the adjoining upstairs apartment.

During the evening of July 29, 2003, Hoffman and Hanlon met Johnson, Johnson fixed their vacuum cleaner, and the three socialized for a period. At approximately 12:45 a.m. on July 30, 2003, Hoffman left the apartment she shared with Hanlon. Hoffman locked the door behind her. At that time, Hanlon was alone inside the apartment.

When Hoffman returned to the apartment at around 6:00 a.m., she found the apartment door unlocked, although it did not appear to have been forced open. Once inside, Hoffman found Hanlon on Hanlon's bed. Hanlon was dead.

On December 22, 2005, Johnson was charged with Hanlon's murder. After trial by jury in October 2006, Johnson was found guilty of felony murder. He received a sentence of 65 years for this offense and is now serving that sentence.

Johnson's conviction and sentence were affirmed on appeal in *Johnson v. State*, No. 49A05-0611-CR-664 (Ind.Ct.App. Oct. 19, 2007)(*Johnson I*), wherein his challenges to the sufficiency of the evidence and to the appropriateness of his sentence were rejected. The trial court then denied Johnson's petition for post-conviction relief. The denial of post-conviction relief was affirmed on appeal in *Johnson v. State*, Cause No. 49A04-1104-PC-196 (Ind. Ct. App. Oct. 11, 2011)(*Johnson II*).

In *Johnson II,* Johnson argued that he had been denied the effective assistance of counsel at trial when his attorney failed to object to certain testimony presented by an investigating detective. Johnson's petition for writ of habeas corpus asserts the same claim presented in his petition for post-conviction relief.

**Applicable Standard**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Johnson filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. Section 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted); see also *Badelle v. Correll,* 452 F.3d 648, 653 ((7th Cir. 2006). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

The sole claim in this action is that Johnson was denied the effective assistance of counsel at trial. *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009)(explaining that ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed)(citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). The Sixth Amendment

guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S. Ct. 2052.

> Under *Strickland,* [a defendant] must prove two elements: (1) that his trial counsel's performance fell below "an objective standard of reasonableness," *id.* at 688, 104 S. Ct. 2052; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. For the first element, this court's review of the attorney's performance is "highly deferential" and "reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. For the second element, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

*Daniels v. Knight,* 476 F.3d 426, 433-34 (7th Cir. 2007) (parallel citations omitted).

The foregoing outlines the straightforward features of *Strickland's* two-prong test. In the context of a case such as Johnson presents, however, the AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* When the AEDPA standard is applied to a *Strickland* claim the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

**Discussion**

The Indiana Court of Appeals noted the *Strickland* standard. *Johnson II,* at pp. 14-15. The Indiana Court of Appeals examined the circumstances associated with each of Johnson's specifications of ineffective assistance of counsel, reviewed the strong evidence of Johnson's guilt, reviewed in considerable detail the findings of the trial court in denying the petition for post-conviction relief, found that the trial court's findings could not be set aside under the proper standard, and after doing so concluded that Johnson had not met either the deficient performance prong or the prejudice prong of the *Strickland* standard. *Johnson II,* at pp. 17-20.

Specifically the Court found, among other things, that by failing to call his trial counsel as a witness, the trial court was entitled to infer the counsel would not support Johnson's allegations, and that the decision not to object may well have been strategic. The Indiana Court of Appeals also followed the *Strickland* standard in determining that the ample record evidence supporting Johnson's guilt – his inconsistent statement concerning his presence at the murder scene, the presence of his underwear at the scene despite his denial as having been there, his access to a box cutter that fit the description of the murder weapon – negated any notion of prejudice resulting from any alleged deficiency in performance.

In doing so, the Indiana Court of Appeals did not transgress the very deferential AEDPA standards which has already been noted. *Atkins v. Zenk*, 2012 667 F.3d 939, 943-44 (7th Cir. 2012)("Plainly stated, these are demanding standards. This Court has recognized that federal courts should deny a habeas corpus petition so long as the state court took the constitutional standard 'seriously and produce[d] an answer within the range of defensible positions.'")(quoting *Mendiola v. Schomig,* 224 F.3d 589, 591–92 (7th Cir. 2000)). Johnson is therefore not entitled to habeas corpus relief based on his claim that he was denied the effective assistance of counsel at trial.

**Conclusion**

This court has carefully reviewed the state record in light of Johnson's claim and has given such consideration to his ineffective assistance of trial counsel claim as the limited scope of its review in a habeas corpus proceeding permits. The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011). Johnson's habeas petition does not present such a situation.

Johnson's petition for a writ of habeas is therefore **denied.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Johnson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/10/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Randy Johnson
DOC # 104669
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel